IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONNA EVERHART and HARLEY EVERHART,
individually and as next of friend for S.E. BOY and
S.E. GIRL, minor children,

      Plaintiffs,

v.                                                                 No. CIV 17-1134 RB/CG

DETECTIVE JOHN DOMINGUEZ; DETECTIVE
MARK MONROE; CITY OF HOBBS; CITY OF
HOBBS POLICE DEPARTMENT; STATE OF NEW
MEXICO CHILDREN, YOUTH, AND FAMILIES
DEPARTMENT; and DANA BECKER, employee and
supervisor for Children, Youth, and Families Department,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion of Defendant Children, Youth, and Families Department to Dismiss Plaintiffs' Claims of Punitive Damages (Doc. 19), and on Defendant Dana Becker's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 20), both filed on January 12, 2018. Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and the relevant law, the Court will **GRANT** both motions.

Plaintiffs Donna and Harley Everhart have three children together. After their oldest son sexually abused their younger son, Plaintiffs admitted to charges filed in an Abuse and Neglect Petition, and Defendant Children, Youth, and Families Department (CYFD) took physical and legal custody over Plaintiffs' children. Plaintiffs later entered into a treatment plan with CYFD to work toward reunification with their children. Despite Plaintiffs' completion of all terms of the treatment plan, CYFD decided it was not in the best interests of the children to be reunified with their parents. Over five years after Plaintiffs lost custody of their children, a state court

terminated their parental rights. Plaintiffs appealed, and the New Mexico Court of Appeals overturned the state court's decision. Plaintiffs now bring claims for violations of their federal and state constitutional rights and under state common law.

I.  **Background**[1]

Plaintiffs are the parents of three children. (Am. Compl. ¶¶ 3, 15.) On June 15, 2010, an Abuse and Neglect Petition was filed against Plaintiffs, "alleging that they failed to supervise and protect their minor children pursuant to" N.M. Stat. Ann. §§ 32A-4-2(B)(1), 32A-4-2(G)(2) (2005). (*Id.* ¶ 12.) A criminal complaint was filed in state court against Plaintiffs' oldest son, "H.E. Jr.," "alleging criminal sexual contact and criminal sexual penetration with" Plaintiffs' middle child, "S.E. Boy." (*Id.* ¶ 15.) Plaintiffs admitted to the allegations in and pled no contest to the Abuse and Neglect Petition, and their oldest son admitted to the allegations in the criminal complaint. (*Id.* ¶¶ 13, 16.) H.E. Jr. "was sentenced as a juvenile offender." (*Id.* ¶ 16.) CYFD took physical and legal custody over S.E. Boy and Plaintiffs' daughter, "S.E. Girl." (*Id.* ¶ 14.)

After CYFD took custody of Plaintiffs' two youngest children, CYFD and Plaintiffs entered into a treatment plan created to facilitate the reunification of Plaintiffs, S.E. Boy, and S.E. Girl. (*Id.* ¶ 20.) *See also* N.M. Stat. Ann. § 32A-4-22(C). Plaintiffs completed all requirements contained in the treatment plan, including parenting classes, counseling classes, marriage classes, and psychological counseling. (Am. Compl. ¶ 21.) Dr. Will Parsons performed a psychological evaluation of Plaintiffs and concluded that they "were suitable for reunification." (*Id.* ¶ 22.) During this time and through July 2011, Plaintiffs were allowed supervised visits with

---

[1] The facts in this section are taken from Plaintiffs' Amended Complaint for Damages. (*See* Doc. 8 ("Am. Compl.").) The Court accepts the allegations in Plaintiffs' Amended Complaint as true and recites them in a light most favorable to Plaintiffs.

S.E. Boy and S.E. Girl.² (*Id.* ¶ 23.) At some point in July 2011, Detective John Dominguez of the Hobbs Police Department reported to CYFD that "Plaintiffs possibly had child pornography on their computer." (*Id.* ¶ 27.) While Detective Mark Monroe of the Hobbs Police Department "testified that he could not identify who was responsible for any child pornography" contained on the computer at Plaintiffs' home, the state court "discontinued the visitation plan and reunification" proceedings. (*Id.* ¶¶ 28–29.) CYFD subsequently "changed its recommendation to termination of parental rights of the Plaintiffs on or about September 26, 2011." (*Id.* ¶ 31.)

S.E. Boy spent two years at Peak Treatment Center in Roswell, New Mexico, where he participated "in a sex club with other minors . . . ." (*Id.* ¶¶ 35–36.) S.E. Boy currently resides at a treatment facility in San Marcos, Texas." (*Id.* 33.) Plaintiffs only saw S.E. Boy twice while he was in Roswell, and they have been unable to visit him since that time. (*Id.* ¶¶ 37, 39.)

S.E. Girl has been in at least three foster homes and two adoptive home placements since June 2010.³ (*Id.* ¶¶ 42, 46–47, 58.) Plaintiffs have not seen S.E. Girl since July 17, 2011. (*Id.* ¶ 42.) After the first prospective adoptive parents withdrew consent for adoption in 2012, CYFD informed the state court that it would renew the reunification plan with Plaintiffs. (*Id.* ¶¶ 47, 49.) The state court appointed Ted Woolridge, a "clinical psychologist, to facilitate and oversee the reunification program . . . ." (*Id.* ¶ 50.) Plaintiffs again completed the requirements of the reunification program and treatment plan. (*Id.* ¶¶ 51–53.) Plaintiffs were still not allowed visitation with either of their two youngest children, and the reunification plan "was a complete failure" because Mr. Woolridge "did not coordinate the reunification plan with the therapists and Plaintiffs." (*Id.* ¶¶ 54, 57.)

---

² Plaintiffs had one unsupervised visit with S.E. Boy before July 2011. (*Id.* ¶ 25.)

³ It is unclear from the Amended Complaint whether the adoptive placements were also counted as foster placements, or whether they are in addition to the foster placements.

In 2014, CYFD found a second prospective adoptive placement for S.E. Girl and recommended again that the state court terminate Plaintiffs' parental rights. (*Id.* ¶ 58.) On January 15, 2015, the state court ordered a Permanency Plan for Termination. (*Id.* ¶ 59.) Before the state court entered this order, it ordered Plaintiffs to undergo a psychological evaluation. (*Id.* ¶ 61.) CYFD refused to pay for the evaluation, so Plaintiffs paid for and completed the court-ordered evaluation. (*Id.* ¶ 64.) Psychologist Mark Caplan found "no outstanding psychological diagnosis [that] would prevent reunification . . . ." (*Id.* ¶ 65.) Dr. Caplan further found that CYFD "had damaged the relationship of the minor children with the Plaintiffs[,] . . . that S.E. [Boy] had suffered damages and physical abuse while in the care, custody and control of" CYFD, and that S.E. Girl "had suffered damages as a result of" the disintegrated familial bond with Plaintiffs. (*Id.* ¶¶ 65–68.) Dr. Caplan recommended the state court enter the reunification plan, but CYFD continued to refuse visitations. (*Id.* ¶ 69.)

CYFD "has missed statutory deadlines for review hearings, dispositional hearings, permanency hearings, and termination of parental rights hearings" pursuant to N.M. Stat. Ann. §32A-4-22. (*Id.* ¶ 70.) During one unidentified court hearing, Ms. Dana Becker, a social worker and supervisor with CYFD, testified that Plaintiffs had completed all requirements of the treatment plan and reunification program, however, Ms. Becker "felt it was in the minor children's best interest for [Plaintiffs'] parental rights to be terminated." (*Id.* ¶¶ 76–77.) Ms. Becker wished the state court action "would have been completed within a year and a half after the Petition was filed[,]" and she admitted that CYFD "had not met statutory deadlines[] and was responsible for the damages done to the children by the Department's delay." (*Id.* ¶¶ 78–79.) Ms. Becker also found that Mr. Woolridge, the reunification coordinator, "did not coordinate the reunification with" Plaintiffs and CYFD. (*Id.* ¶ 80.)

The state court terminated Plaintiffs' parental rights on August 18, 2015, only as to S.E. Girl on the grounds of presumptive abandonment, pursuant to N.M. Stat. Ann. ¶¶ 32A-4-28(B)(3)(a)–(f). (*Id.* ¶¶ 98–99.) *See also New Mexico ex rel. Children, Youth & Families Dep't v. Donna E.*, 406 P.3d 1033, 1035 (N.M. Ct. App. 2017). The New Mexico Court of Appeals overturned the termination of Plaintiffs' parental rights on July 26, 2017. *See id.* The court of appeals found in part that "there was no finding and there is no evidence to support a finding that [Plaintiffs] caused the disintegration of the parent-child bond with [S.E. Girl]," CYFD caused "the deterioration of the parent-child relationship[,]" thus "upholding presumptive abandonment violates Section 32A-4-28 and due process[,]" and "there is no clear and convincing evidence that [Plaintiffs] directly abused [S.E. Boy] or participated in the sexual abuse of" S.E. Boy. *Id.* The court of appeals remanded the case for a custody determination. *Id.* at 1048.

Plaintiffs now bring four claims against various Defendants. In Count I, Plaintiffs allege that CYFD violated their procedural due process rights. (Am. Compl. ¶¶ 111–18.) In Count II, Plaintiffs allege that CYFD violated their substantive due process rights by depriving Plaintiffs of their constitutional right to familial association. (*Id.* ¶¶ 119–29.) In Count III, Plaintiffs allege that CYFD, the Hobbs Police Department, and Detectives Dominguez and Monroe deprived them of their constitutional rights to be free from unlawful search and seizures and violated their due process rights "by not executing the [New Mexico] Children's Code to reunify" Plaintiffs with S.E. Boy and S.E. Girl. (*Id.* ¶¶ 131, 138; *see also id.* ¶¶ 130–46.) Within Count III, Plaintiffs assert that CYFD "and its employees knew that the Defendants [sic] actions violated a Federal Constitution [sic] or Statutory Right and that the right violated was clearly established at the time of the Defendants [sic] actions." (*Id.* ¶ 141.) Finally, in Count IV, Plaintiffs allege that CYFD "and its employees have conspired with the Hobbs Police Department to deprive the

parents and the children of their constitutional rights, that being family association, freedom from unlawful searches and seizures, and due process." (*Id.* ¶ 148; *see also id.* ¶¶ 147–52.)

## II. Legal Standard

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (citation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556.)

## III. Analysis

### A. The Court will dismiss Plaintiffs' punitive damages claims against CYFD.

CYFD contends that it is immune from Plaintiffs' claim for punitive damages under 42 U.S.C. § 1983. (*See* Doc. 19.) "A state agency is presumptively immune from § 1983 damages actions unless Congress abrogates, or the State expressly waives, immunity." *Justice v. Okla. Dep't of Human Servs. Child Welfare*, 122 F. App'x 938, 940 (10th Cir. 2004) (citing *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 66 (1989)). CYFD is a state agency. *See Ramirez v. N.M. Children, Youth & Families Dep't*, 372 P.3d 497, 500 (N.M. 2016).

Plaintiffs do not argue that the State has waived immunity. (*See* Doc. 36.) In fact, Plaintiffs expressly admit that "punitive damages cannot be awarded against a government agency or municipality under Section 1983 . . . ." (*Id.* at 3.) Instead, Plaintiffs primarily discuss the actions of Ms. Becker, "individually, [who] would have clearly understood that what she was doing violated the constitutional rights of the Plaintiffs and the minor children in denying the right of a familial association which was clearly established in [Tenth] Circuit cases . . . ."[4] (*Id.* at 4 (citations omitted).)

CYFD notes that Plaintiffs admit in their response "that punitive damages are only available against an *individual defendant*, and that punitive damages *cannot* be awarded against a government agency under Section 1983." (Doc. 45 at 1–2 (citing Doc. 36 at 2, 3).) As Plaintiffs have not disputed that they cannot assert a claim for punitive damages against CYFD, the Court will grant CYFD's motion. Plaintiffs' claim for punitive damages against CYFD will be dismissed with prejudice.

  **B.** **The Court will dismiss all of Plaintiffs' claims against Ms. Becker.**

Ms. Becker moves to dismiss on the basis that Plaintiffs fail to state any claims against her. (*See* Docs. 20; 39.) Specifically, Ms. Becker argues that because Plaintiffs have not alleged any personal involvement on Ms. Becker's part that allegedly contributed to the deprivation of their constitutional rights, they have failed to state a claim against her.[5] (Doc. 20 at 2–3.) A civil rights action against a public official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676

---

[4] While not at issue in this motion, the Court notes that the bar against monetary damages "remains in effect when State officials are sued . . . in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted).

[5] Ms. Becker also argues that she is entitled to qualified immunity. (Doc. 20 at 5–9.) The Court need not reach this issue, as Plaintiffs have failed to state any claim against Ms. Becker at all.

(2009). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Id.* Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

To establish personal involvement, a plaintiff may show the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise," *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (quoting *Poolaw v. Marcantel*, 565 F.3d 721, 732 (internal quotation omitted)), "or his 'knowledge of the violation and acquiesce[nce] in its continuance'" *id.* (quoting *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996) (internal citations omitted)). Alternatively, the plaintiff may demonstrate that the supervisor promulgated, created, implemented, or utilized "a policy that caused a deprivation of plaintiff's rights . . . ." *Id.* (citing *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) ("stating § 1983 liability may be imposed on a supervisor who either 'established or utilized an unconstitutional policy or custom' or 'breached a duty imposed by state or local law which caused the constitutional violation'"); Martin A. Schwartz, Section 1983 Litigation: Claims and Defenses, § 7.19[C] (4th ed. 2010) ("[S]upervisory officials who promulgate[d] policies that [were] enforced by subordinates [were] liable if the enforcement of the policy cause[d] a violation of federally protected rights.")).

Plaintiffs make the following factual allegations concerning Ms. Becker: Ms. Becker, who is a social worker and supervisor with CYFD, testified at a hearing in the state court action. (*See* Am. Compl. ¶ 76.) Ms. Becker testified that while Plaintiffs had completed all requirements of the reunification and treatment programs, "she felt it was in the minor children's best interest for [Plaintiffs'] parental rights to be terminated." (*Id.* ¶¶ 76–77.) She "opined that if she could wave a magic wand," Plaintiffs' state court action "would have been completed within a year and

half [sic] after the Petition was filed . . . ." (*Id.* ¶ 78.) She admitted that CYFD "had not met statutory deadlines [] and was responsible for the damages done to the children by [CYFD's] delay." (*Id.* ¶ 79.) Finally, Ms. Becker stated that Mr. Woolridge, the reunification coordinator, "did not coordinate the reunification with the Plaintiffs and" CYFD. (*Id.* ¶ 80.)

Plaintiffs assert that these facts "allege and show that Dana Becker was personally involved in every phase of [CYFD's] actions . . . . " (Doc. 35 at 4.) The Court disagrees. Plaintiffs never assert that Ms. Becker personally participated in a constitutional violation, nor that she controlled, directed, or failed to supervise an employee who violated Plaintiffs' constitutional rights. *See Dodds*, 614 F.3d at 1195. Plaintiffs do not allege that Ms. Becker knew of any constitutional violations and acquiesced in their continuance, nor that she created or used any policy that caused the deprivation of their rights. *See id.* The only factual allegations Plaintiffs assert in their Amended Complaint concerning Ms. Becker relate to her testimony at a hearing. And while Ms. Becker admitted that CYFD missed "statutory deadlines[] and was responsible for the damages done to the children" by CYFD's delay, her testimony does not demonstrate her personal involvement sufficient to hold her liable under § 1983.

Plaintiffs also fail to connect Ms. Becker's testimony to the three paragraphs later in Counts III and IV that reference CYFD "and its employees." (*See* Am. Compl. ¶¶ 141, 148–49.) In Count III, Plaintiffs assert that CYFD "and its employees knew that the Defendants [sic] actions violated a Federal Constitution [sic] or Statutory Right and that the right violated was clearly established at the time of the Defendants [sic] actions." (*Id.* ¶ 141.) In Count IV, Plaintiffs assert that CYFD "and its employees have conspired with the Hobbs Police Department to deprive the parents and the children of their constitutional rights, that being family association, freedom from unlawful searches and seizure, and due process." (*Id.* ¶ 148.) Plaintiffs further

assert that "[t]he conspiracy by [CYFD] and its employees and City of Hobbs began when [CYFD] and the Hobbs Police Department employees told the Court" about the possible child pornography on Plaintiffs' computer. (*Id.* ¶ 149.) These paragraphs that vaguely reference CYFD's employees are insufficient as a matter of law to state a claim against Ms. Becker. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting that plaintiffs had failed to meet their burden to give notice of their claims against individual defendants where the complaint used "either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom"). The Court will grant Defendant's motion without prejudice.

> **C.     The Court will deny Plaintiffs' request to amend their complaint pursuant to Fed. R. Civ. P. 12(e).**

In their response to Ms. Becker's motion, Plaintiffs ask the Court for leave to file an amended complaint pursuant to Rule 12(e) "to provide for a more specific definite statement to include Dana Becker on each and every paragraph where [CYFD] acted or did not act as she was the direct supervisor and participated personally in each and every act . . . ." (*See* Doc. 35 at 2.) It is not a plaintiff, but a defendant, who may "file a motion for a more definite statement when the complaint 'is so vague or ambiguous' that the defendant 'cannot reasonably be required to frame a responsive pleading.'" *Graham v. Prudential Home Mortg. Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999) (quoting Fed. R. Civ. P. 12(e)). The rule itself provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e). As Plaintiffs are not allowed to file a responsive pleading to their own Amended Complaint, the Court must deny their request to amend their Amended Complaint to provide a more definite statement.

## IV. Conclusion

Plaintiffs do not dispute that they cannot assert a claim for punitive damages against CYFD. Accordingly, the Court will grant CYFD's motion to dismiss Plaintiffs' claim for punitive damages against CYFD with prejudice.

Plaintiffs fail to allege any personal involvement by Ms. Becker, thus Plaintiffs have failed to state any claims against her. The Court will grant Ms. Becker's motion without prejudice.

**THEREFORE,**

**IT IS ORDERED** that the Motion of Defendant Children, Youth, and Families Department to Dismiss Plaintiffs' Claims of Punitive Damages (Doc. 19) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Dana Becker's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 20) is **GRANTED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE