IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONNA EVERHART, et al.,

       Plaintiffs,

v.                                                                    CV No. 17-1134 RB/CG

JOHN DOMINGUEZ, et al.,

       Defendants.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Chief Magistrate Judge Carmen E. Garza's Proposed Findings and Recommended Disposition (PFRD), filed March 10, 2020 (Doc. 154); Plaintiffs Donna and Harley Everharts' Answer and Objection to Proposed Findings and Recommended Disposition (the Objections), filed April 1, 2020 (Doc. 157); and Defendants New Mexico Children Youth and Family Services (CYFD), Dana Becker, and Evgenia Valderaz's Response to Plaintiffs' Objection to Proposed Findings and Recommended Disposition (the Response), filed April 15, 2020 (Doc. 158). In the PFRD, Judge Garza recommended the Everharts' Motion for Issue Preclusion (Doc. 132) be denied, and Defendants' Motion for Summary Judgment and Memorandum in Support, (Doc. 144) be granted. (Doc. 154 at 1–2.)

The parties were informed that objections to the Chief Magistrate Judge's opinion were due within 14 days of service of the PFRD. (*Id.* at 34.) The Everharts timely objected to the PFRD, after being granted an extension, on April 1, 2020. (Doc. 157.) Defendants did not object to the PFRD, but timely responded to the Everharts' objections. (Doc. 158.) The Court has conducted a *de novo* review of the Everharts' Motion for Issue Preclusion (Doc. 132), Defendants' Motion for Summary Judgment (Doc. 144), the PFRD (Doc. 154), the Objections (Doc. 157), and Defendants'

Response (Doc. 158). The Court will overrule the Objections, adopt the PFRD, deny the Everharts' Motion for Issue Preclusion, grant Defendants' Motion for Summary Judgment, and dismiss Defendants CYFD, Evgenia Valderaz, and Dana Becker with prejudice.

### I. Factual Background & Procedural History

This case stems from an April 2010 rape allegation from the Everharts' youngest son, S.E. Boy, against his older brother, Harley Jr. (Doc. 154 at 5.) After investigating S.E. Boy's accusations, police obtained a search warrant for the Everharts' electronic devices. (*Id.* at 6.) When executing the warrant, police discovered that Harley Jr. had access to both S.E. Boy and his younger sister, S.E. Girl, in direct contravention of police orders. (*Id.*) As a result, the children were removed from the Everharts' home and placed in CYFD custody. (*Id.*)

Following the children's removal, the New Mexico Fifth Judicial District Court held a series of review hearings to determine the Everharts' progress on their treatment plan to be reunited with their children. (Doc. 154 at 6–7.) At a July 2011 permanency hearing, a Hobbs police detective testified that images found on the Everharts' computer were possibly child pornography. (*Id.* at 7.) Based on the testimony presented at the hearing, the court ordered all contact between the Everharts and their two youngest children be ceased. (*Id.*) The following month, the court continued its no-contact order. (*Id.*)

In September 2011, CYFD filed a motion to terminate the Everharts' parental rights. (*See id.* at 7.) Several months later, the court ordered the permanency plan continue as adoption, extended CYFD's legal custody for an additional year, and continued the no-contact order. (*Id.* at 8.) By February 2013, however, CYFD changed the permancy plan to reunification. (*Id.* at 9.) The court appointed a third-party mediator to oversee the family's reunification. (*Id.*)

In December 2013, the court changed course and found that adoption was now appropriate. (*Id.* at 9.) Nearly a year and a half later, the court held a termination hearing in which 14 witnesses testified, including Defendant Dana Becker. (*Id.* at 10.) The court issued its decision in July 2015, finding the Everharts had abused and neglected S.E. Boy and S.E. Girl and terminating the Everharts' parental rights to S.E. Girl. (*Id.* at 11–12.)

The Everharts appealed the district court's termination order. (*See id.* at 12.) The New Mexico Court of Appeals reversed the Fifth Judicial District Court's decision and remanded the case for a custody determination based on S.E. Girl's best interests. (*Id.* at 13.) In April 2018, the district court held a two-day hearing to determine custody of S.E. Girl. (*Id.* at 13.) The court then ordered, based on S.E. Girl's best interests, that she remain in the custody of CYFD and in the placement of her foster family. (*Id.*)

The Everharts again appealed the district court's termination order. (*Id.* at 14.) In December 2019, the New Mexico Court of Appeals affirmed the district court's decision. (*Id.*) The Everharts appealed the Court of Appeals' judgment to the New Mexico Supreme Court. (*Id.*) On March 31, 2020, after the Chief Magistrate Judge entered her PFRD, the New Mexico Supreme Court denied the Everharts' Petition for Certiorari, ending the ten-year custody battle in state court. (*See* Doc. 158-1.)

In the midst of the state-court litigation, the Everharts filed their Complaint before this Court, alleging procedural and substantive constitutional violations against several State and County officials. (Doc. 1.) The Everharts alleged, in pertinent part, that the withholding of their children violated their constitutional rights under the United States and New Mexico Constitutions. (*Id.* at 1–23.) On October 8, 2019, the Everharts filed their Motion for Issue Preclusion (Doc. 132), and shortly thereafter, Defendants filed their Motion for Summary Judgment (Doc. 144).

In their Motion for Issue Preclusion, the Everharts argued Defendants should be foreclosed from contesting several factual determinations found by the New Mexico state courts under the doctrine of issue preclusion. (Doc. 132 at 1–14.) In their Motion for Summary Judgment, Defendants set forth five arguments in favor of the Court rendering summary judgment on their behalf. (Doc. 144.) These arguments included (1) application of the Rooker-Feldman doctrine; (2) claim and issue preclusion; (3) qualified immunity; (4) failure to establish a "policy or custom" as required by 42 U.S.C. § 1983; and (5) the Everharts' lack of standing. (*Id.* at 12–14.) Both the Everharts' Motion for Issue Preclusion and Defendants' Motion for Summary Judgment were evaluated by the Chief Magistrate Judge, who rendered factual findings, conducted legal analysis, and recommended an ultimate disposition. (*See* Docs. 147; 154.)

In support of her recommendation that the Everharts' Motion for Issue Preclusion be denied, Judge Garza explained that the Everharts failed to show the underlying "issue was necessarily determined" and "the parties in the current action are the same or were in privity with the parties in the prior action." (Doc. 154 at 17.) Similarly, Judge Garza recommended dismissal of Defendants' first three arguments for summary judgment: application of the Rooker-Feldman doctrine, claim preclusion, and issue preclusion, because "the state court ligitation Defendants rely on has not achieved a final judgment" because of the pending writ of certiorari before the New Mexico Supreme Court. (*Id.* at 15–16.) Judge Garza recommended that both the individual defendants and CYFD be awarded summary judgment. (*Id.* at 19–34.) The Everharts timely objected to the Chief Magistrate Judge's PFRD. (Doc. 157.)

## II.   Legal Standard

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has

properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

### III.     Analysis

The Everharts contest nearly all of the PFRD's conclusions. (*See* Doc. 157 at 3–14.) Indeed, the Everharts even object to conclusions that resulted in a finding in their favor—including denial of Defendants' argument for application of the Rooker-Feldman doctrine. (*Id.* at 3.) The Everharts also reiterate their argument in favor of granting their Motion for Issue Preclusion. (*Id.* at 3–4.) Finally, the Everharts object to the recommendation that Ms. Becker is entitled to qualified immunity, and that no colorable claim exists against Defendant CYFD. (*Id.* at 4–12.) In response, Defendants contend that none of the objections have merit, and the absence of "clear specificity" in the objections permits the Court to review the PFRD for "clear error," rather than conducting a *de novo* review. (Doc. 158 at 6 (citing *United States v. One Parcel of Real Property*, 73 F.3d 1057 (10th Cir. 1996)).) After noting Defendants' suggested lower standard of review, the Court will evaluate the record *de novo*.

Notably, the Everharts have not objected to Judge Garza's recommendation that Defendant Evgenia Valderaz be dismissed with prejudice. (*See generally* Doc. 157.) As such, the

recommendation to grant qualified immunity to Ms. Valderaz is deemed adopted without objection, and the Court dismisses Ms. Valderaz from this action with prejudice.

### a. Factual Objections

The Everharts proffer two objections to the Chief Magistrate Judge's recitation of the undisuted material facts governing this case. (*See* Doc. 157 at 2–3.) First, they argue Judge Garza should have adopted the facts as set forth in their Motion for Issue Preclusion. (*Id.* at 2.) Second, they contend the procedural history following the Court of Appeals's 2017 reversal order is irrelevant. (*Id.* at 3.) Defendants assert that these factual objections fail on both substantive and procedural grounds. (Doc. 158 at 7–8.) The Court will address each of the Everharts' objections to the Chief Magistrate Judge's factual recitation in turn.

The Everharts first argue "the Court should adopt the facts as provided in [the] Motion for Issue Preclusion." (Doc. 157 at 2.) As explained by Judge Garza, the Everharts' recitation of the facts cannot be adopted for at least two reasons. (*See* Doc. 154 at 3–4.) First, the Everharts failed to provide any record citations or authority in support of their factual recitation in violation of Local Rule 56.1(b). (*See id.* at 4.) Second, the Everharts ignored the mandate to indicate whether their facts were disputed. (*Id.*)

Now, in their Objections, the Everharts do not seek to rectify any of the procedural deficiencies the PFRD identified that plagued their original factual recitation. Instead, they merely repeat the same unsupported contentions, absent record citations and adherence to the Local Rules. (*See* Doc. 157 at 2.) As such, for substantially the same reasons as explained by Judge Garza, the Everharts' bald request for the Court to adopt their version of the facts is denied.

Next, the Everharts contend the procedural posture of this case post-dating the Court of Appeals' 2017 reversal order is irrelevant. (*Id.* at 3.) As a preliminary matter, the Everharts did not

raise this contention in their Motion for Issue Preclusion or in their response to Defendants' Motion for Summary Judgment. *See Marshall*, 75 F.3d at 1426 (explaining issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). In addition, the Everharts repeatedly cite the subsequent procedural history when it helps bolster their argument. (*See* Doc. 146 at 2 (citing the "Court of Appeals Decision of December 27, 2019" for the proposition that "the [c]ourt recognized [] the biological parents have fundamental rights").)

Notwithstanding the Everharts' apparent waiver of this argument or their repeated reliance on the facts they deem immaterial, the procedural posture of this case is indisputably relevant. Indeed, several of the parties' arguments hinge on the very question of state-court exhaustion: including, for example, the Everharts' entire *Motion for Issue Preclusion*. For each of these reasons, the Everharts' relevancy objection is similarly denied.

### b. Legal Objections

The Everharts object to six of the Chief Magistrate Judge's recommended legal conclusions: (1) the application of the Rooker-Feldman doctrine; (2) their Motion for Issue Preclusion; (3) the familial association claims; (4) the procedural due process claims; (5) the Fourth Amendment search and seizure claims; and (6) the municipial liability claim against CYFD. (Doc. 157 at 5–13.) In response, Defendants contend that none of the Everharts' legal objections adequately rebut the recommended conclusions. (*See* Doc. 158 at 8–13.)

#### i. *The Rooker-Feldman Doctrine*

First, the Everharts object to the recommendation that Defendants' Rooker-Feldman argument be denied. (Doc. 157 at 3.) As grounds for their objection, they advance the same argument they did in response to Defendants' motion on this issue—"that the New Mexico State Courts did not adjudicate the Plaintiffs['] claims of a violation of due process, substantive due

7

process, familiar [sic] association, and illegal search and seizure." (*Id.*; *see also* Docs. 146 at 8–9; 154 at 15.) This objection does not specifically respond to Judge Garza's reasoning or offer legal authority to overrule the PFRD.[1] As such, the Court adopts Judge Garza's recommendation and overrules the Everharts' objection.

        ii.        *The Motion for Issue Preclusion*

Next, the Everharts contend Judge Garza erred in recommending denial of their Motion for Issue Preclusion. (Doc. 157 at 3–4.) Specifically, the Everharts argue the Chief Magistrate Judge erroneously concluded that the underlying state litigation was not "necessarily determined." (*Id.* at 4.) In response, Defendants allege the Everharts "fail to articulate any comprehensible arguments as to why Judge Garza's analysis was incorrect." (Doc. 158 at 9.)

Judge Garza recommended denial of the Everharts' Motion for Issue Preclusion for two reasons. (Doc. 154 at 16–17.) First, she explained the Everharts' motion fails because there was no evidence that "the underlying state litigation result[ed] in a final judgment." (*Id.*) Second, she explained that the Everharts failed to demonstrate "the parties in the current action are the same or were in privity with the parties in the prior action." (*Id.*) To successfully apply the doctrine of issue preclusion, the moving party must establish that each of these elements is satisfied. (*Id.*)

The Everharts object to the Chief Magistrate Judge's conclusion that the underlying state-court litigation had not yet reached a final judgment. (Doc. 157 at 3–4.) However, to successfully preclude an issue, the Everharts must demonstrate that *both* the underlying state litigation was final *and* the parties in the two actions are the same. (*See* Doc. 154 at 17.) As such, even if the Court agreed with the Everharts' objection—that the underlying litigation was final—their claim for issue preclusion still fails to satisfy all the necessary elements. *See City of Sunland Park v. Macias*,

---

[1] The Court also notes that neither party addressed the fact that the New Mexico Supreme Court denied the Everharts' Petition for Certiorari after Judge Garza filed the PFRD. (*See* Docs. 157; 158; 8-1.)

75 P.3d 816, 820 (N.M. Ct. App. 2003) (explaining that for issue preclusion to apply, the movant must satisfy four elements, including "the parties in the underlying action were the same or in privity to one another," and the "issue was necessarily determined"). Thus the Court adopts Judge Garza's recommendation and overrules the Everharts' objection.

### iii. Qualified Immunity

The Everharts next object to the recommendation that qualified immunity be granted for Ms. Becker on their claims for violations of the right to familial association, the right to procedural due process, and the Fourth Amendment right to be free from unlawful search and seizure. (Doc. 157 at 4–12.) In response, Defendants contend the Everharts have failed to proffer "any evidence" to support their arguments against the application of qualified immunity. (Doc. 158 at 11.) Furthermore, Defendants allege no genuine dispute of material fact remains that would foreclose summary judgment in their favor. (*Id.* at 12–13.)

#### a. Right to Familial Assocation Claims

The Everharts present three objections to the PFRD's recommendation to grant qualified immunity to Ms. Becker. (Doc. 157 at 5–7.) First, they object to the proposition that they "have not alleged a level of specificity required of the circumstances nor have they supported the particularized allegations." (*Id.* at 6.) Second, they argue Ms. Becker was "aware" that her conduct was unconstitutional, thus arising to more than "mere negligence" as found by Judge Garza. (*Id.*) Finally, they object to Judge Garza's conclusion that they failed to provide case law to rebut the defense of qualified immunity. (*Id.* at 5.)

The Everharts' first objection fails to raise a colorable argument to contradict the PFRD's legal analysis. Indeed, rather than specify the allegations the PFRD deemed insufficient, the Everharts merely restate the same bald assertions and cite the same case law the Chief Magistrate

9

Judge already analyzed and found unpersuasive. (*See* Doc. 157 at 6.) Judge Garza's recitation of the law was correct, and the Everharts' current contention that their initial argument was specific enough to withstand judicial review is wholly unsupported. *See Adams v. Jones*, No. Civ. 10-920-F, 2012 WL 1564726, at *1 (W.D. Okla. May 3, 2012) (explaining objections to a report and recommendation are not an opportunity for a "second bite at the apple").

Second, the Everharts contend Ms. Becker "was aware as set forth in her deposition testimony that she was at fault" for the children's separation from their parents. (Doc. 157 at 7.) Yet Judge Garza already analyzed Ms. Becker's deposition testimony, set forth the requisite legal threshold the Everharts had to overcome, and explained why Ms. Becker's conduct did not amount to a violation of a clearly established right. (Doc. 154 at 22–25.) The Everharts have not presented any evidence, nor have they cited any case law, that casts doubt on the PFRD's conclusion. As such, their assertion that Ms. Becker's conduct amounts to a constitutional violation remains unsubstantiated.

Finally, the Everharts contend the lack of case law demonstrating Ms. Becker violated their constitutional rights is irrelevant, because her conduct was "so egregious that it shocks the conscience . . . ." (Doc. 157 at 6.) The Everharts argue that an individual in Ms. Becker's position would have understood what she was doing was unconstitutional, even absent controlling law explicitly outlawing her conduct. (*Id.*) However, as articulated by the Chief Magistrate Judge, "[the Everharts] have failed to present any factual evidence from the record to substantiate their allegation that Defendants intentionally directed conduct to damage the familial relationship." (Doc. 154 at 24.) In their Objections, the Everharts have similarly failed to specify what evidence supports their contention that Ms. Becker's conduct was so egregious that an individual in her

position would have understood her behavior was unconstitutional. As such, the Court adopts Judge's Garza's recommendation on this issue and overrules the Everharts' objections.

### b. Right to Procedural Due Process Claims

Next, the Everharts allege Judge Garza erred in concluding they did not satisfy the standard for demonstrating a procedural due process violation. (Doc. 157 at 8.) Specifically, they contend Ms. Becker was more than "simply negligent" when failing to reunify the children with their family. (*Id.* at 8.) Rather, they allege that Ms. Becker's conduct constituted a "conscious disregard or indifference" for their procedural due process rights. (*Id.* at 9.) In support, the Everharts cite to Ms. Becker's testimony, where "she admitted that she and CYFD were partly at fault for the disintegration of the parent/child relationship." (*Id.*)

In the PFRD, the Chief Magistrate Judge cited and discussed Ms. Becker's deposition testimony. (Doc. 154 at 28.) Judge Garza concluded that even when "viewing the facts in the light most favorable to Plaintiffs, . . . simple negligence or passivity is insufficient to defeat qualified immunity on a procedural due process claim." *Id.* (citing *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011) (explaining more than simple negligence is needed to demonstrate a violation of a plaintiff's procedural due process right)).) The Everharts do not point to any evidence that Ms. Becker's testimony, which was already analyzed in the PFRD, demonstrates anything more than negligence. As such, the Court adopts the recommendation and overrules the Everharts' objections.

### c. Fourth Amendment Search and Seizure claim

Next, the Everharts disagree with the recommendation that Defendants are entitled to qualified immunity on the Fourth Amendment search and seizure claims. (Doc. 157 at 11.) In the PFRD, Judge Garza explained that the Everharts' Fourth Amendment claims fail because the children's seizure was authorized pursuant to court order. (Doc. 154 at 29–32.) Further, based on

11

the information available to the state court at the time, the orders to withhold the Everharts' children were reasonable. (*Id.* at 32.) The Everharts contend that Defendants knowingly gave false or inaccurate information to the state court, but they fail to offer any evidence to support this allegation. (*See* Doc. 157 at 11.) Moreover, they do not contend that Judge Garza misapplied or misstated the applicable Fourth Amendment law. (*See id.*) Absent any evidentiary support for their allegations, or any argument contesting the Chief Magistrate Judge's legal recitation, the Everharts' objection is properly overruled.

    iv. *Municipal Liability claim*

Finally, the Everharts object to the recommendation that they failed to establish a claim for municipal liability against CYFD. (*Id.* at 12.) Specifically, they contend that "[t]he policy was clear[:] . . . keep the minor children away from them, until we can find someone to adopt!" (*Id.*) The Everharts allege this policy directly caused their constitutional deprivation, and CYFD is therefore not entitled to qualified immunity. (*Id.*) As Judge Garza noted, however, the Everharts' statement lacks support in the record. (*See* Doc. 154 at 33–34.) Accordingly, the Court overrules the objection and adopts Judge Garza's recommendation.

**IV.** **Conclusion**

For the foregoing reasons, the Court finds the Chief Magistrate Judge correctly recommended that the Everharts failed to establish application of issue preclusion. Furthmore, the Court finds Judge Garza conducted the proper analysis and correctly concluded Ms. Becker is entitled to qualified immunity and no colorable claim for municipal liability can be attributed to CYFD. Therefore, the Everharts' Objections are overruled.

**IT IS THEREFORE ORDERED** that the Everharts' Motion for Issue Preclusion (Doc. 132) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 144) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants CYFD, Dana Becker, and Evgenia Valderaz are therefore **DISMISSED** from this action **WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that this lawsuit shall remain open pending final resolution of settlement between the Everharts and the City Defendants.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE