IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONNA EVERHART, et al.,

    Plaintiffs,

v.                                                                   CV No. 17-1134 RB/CG

JOHN DOMINGUEZ, et al.,

    Defendants.

## ORDER APPROVING STIPULATED SETTLEMENT ON BEHALF OF MINORS

**THIS MATTER** is before the Court on the parties' request that the Court approve the settlement on behalf of the minors, S.E. Boy and S.E. Girl. The Court, having considered the terms of the settlement of the parties, the Guardian Ad Litem (the "GAL") reports, the record of this case, the relevant law, and the argument presented at the fairness hearing, finds the settlement and the proposed division of the settlement proceeds is fair, reasonable, and in the best interest of S.E. Boy and S.E. Girl and shall be **APPROVED**.

**IT IS THEREFORE ORDERED** that City Defendants shall pay GAL Michael Newell's fees and make the minors' settlement proceeds payable to Plaintiff's counsel, Max Houston Proctor. **IT IS FURTHER ORDERED** that Mr. Proctor place the minors' settlement proceeds into an interest-bearing account until each child reaches the age of majority. **IT IS FINALLY ORDERED** that the GAL, Mr. Newell, is discharged from his appointment.

    **I.**    **LEGAL STANDARD**

Whenever a court is called upon to approve the compromise of a minor's claim, it is proper for that court to investigate the fairness of the settlement and determine whether

the settlement terms are in the best interest of the minor. Before approving such a settlement, the Court must ensure that the interests of the minor will be adequately considered and protected. *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989). "Rule 17(c) flows from the general duty of the court to protect the interests of infants and incompetents in cases before the court." *Id.* (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978)); *see also Noe v. True*, 507 F.2d 9, 11-12 (6th Cir. 1974). In accordance with Rule 17(c)(2), "[t]he Court must appoint a guardian *ad litem* - or issue another appropriate order - to protect a minor. . . ." In the exercise of its discretionary oversight authority, the Court should consider the following factors (the "*Jones* factors"):

(1) whether the proposed settlement was fairly and honestly negotiated;
(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
(4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (citation omitted).

## II. BACKGROUND

Plaintiffs Donna and Harley Everhart (the "Everharts") brought their Amended Complaint individually and as next friends of their minor children S.E. Boy and S.E. Girl pursuant to the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States (42 U.S.C. § 1983) and Article 2, Sections 10 and 18 of the New Mexico Constitution. (Doc. 8). The Everharts alleged the Hobbs Police Department Detectives John Dominguez and Mark Munro provided information to the State Children Youth and Families Department (the "CYFD") and/or testified before the state district court that they found possible child pornography on the Everharts' home computer even though they did

not have probable cause or reasonable suspicion to believe the Everharts showed the images in question to their minor children or were responsible for saving the images to the home computer. Plaintiffs further alleged the detectives' statements and/or testimony during the underlying abuse and neglect proceedings was instrumental in CYFD and the state district court's decision to stop any visitation and reunification between the Everharts and their minor children, S.E. Boy and S.E. Girl. Plaintiffs claimed the City Defendants and the State Defendants conspired to deprive the Everharts and their minor children of their constitutional rights.

City Defendants denied Plaintiffs' allegations and assert that Detective Dominguez and Detective Munro lawfully and diligently investigated disclosures by six (6) year old S.E. Boy that he had been sexually abused twice by his older brother inside the family home; that child pornography was made, printed and/or maintained in the family home; and that his parents were aware of the foregoing and did nothing to protect S.E. Boy or his sister, S.E. Girl. Further, Detective Dominguez and/or Detective Munro testified truthfully regarding the status of the investigation during the underlying abuse and neglect proceedings. (Doc. 32, at 3, 15-24). City Defendants contend their actions were supported by probable cause. Alternatively, City Defendants contend the detectives were entitled to qualified immunity.

In May 2018, Plaintiffs and the City Defendants entered into a settlement agreement. (Doc. 76). As part of the settlement, City Defendants agreed to pay Plaintiffs a total of eight thousand dollars ($8,000.00), inclusive of attorney fees. *Id.* As part of the settlement, Plaintiffs also agreed to be solely responsible for payment of fees and costs

billed by the GALs for their services on behalf of S.E. Boy and S.E. Girl in connection with the Court's approval of the settlement agreement. *Id.*

On January 10, 2019, the Honorable Robert C. Brack entered a *Stipulated Order Granting Motion to Approve and Enforce Settlement Agreement*, (Doc. 77), appointing Trace Rabern as GAL for S.E. Girl and Michael Newell as GAL for S.E. Boy, directing them to prepare reports concerning the fairness and reasonableness of the settlement agreement between the City Defendants and Plaintiffs, and indicating that a fairness hearing would be scheduled following the receipt of the GAL reports. Upon being notified of the settlement, Judge Brack also designated the undersigned Chief Magistrate Judge to conduct the Fairness Hearing on *Order of Reference*, (Doc. 78), on January 10, 2019.

On April 12, 2019, Ms. Rabern and Mr. Newell submitted their GAL reports on behalf of S.E. Girl and S.E. Boy. (Doc. 89); (Doc. 90). On June 9, 2020, the Court entered an *Order for Updated Guardian Ad Litem Reports*, directing the GALs "to discuss the fair division of [GAL] fees and who will accept the settlement money on behalf of the children." (Doc. 167). On June 25, 2020, Mr. Newell submitted a supplemental report on behalf of S.E. Boy. (Doc. 170). Ms. Rabern did not, however, submit a supplemental report on behalf of S.E. Girl. The Court, counsel for the parties, and Mr. Newell were all unsuccessful in their respective efforts to contact Ms. Rabern. As a result, the Court entered an order terminating Ms. Rabern as GAL for S.E. Girl and appointing Mr. Newell to serve as GAL for S.E. Girl, in addition to his previous appointment as GAL for S.E. Boy. (Doc. 176). Mr. Newell subsequently submitted a supplemental report on behalf of S.E. Girl as directed by the Court. (Doc. 175).

The Court held a telephonic Fairness Hearing on August 14, 2020, at 1:30 p.m., at which time counsel for the settling parties, Max Proctor and Luis Robles, counsel for State Defendants, Bryan Evans, and GAL, Michael Newell, appeared. (Doc. 180). As a preliminary matter, counsel for the parties consented to have the Court enter a dispositive judgment on the fairness of the settlement. *Id.* Next, the Court confirmed there was no objection to having Mr. Newell serve as GAL on behalf of both S.E. Boy and S.E. Girl. *Id.* In addition, counsel confirmed no fees would be paid to Trace Rabern for her prior work as GAL on behalf of S.E. Girl. *Id.* Mr. Robles confirmed that City Defendants would pay Mr. Newell's fees. The Court instructed Mr. Newell to send Mr. Robles a fee affidavit no later than September 14, 2020.

Then, the Court heard the terms of the settlement agreement as presented by Plaintiffs' counsel. Mr. Proctor explained he will open an FDIC insured account at Western Commerce Bank in the children's name and deposit the settlement proceeds, with half of the money allocated to S.E. Boy and half for S.E. Girl. The children may only access and withdraw the money at the age of eighteen. Plaintiffs' counsel will not deduct any attorney fees or costs from the settlement proceeds. The children will receive the entire settlement amount of $8,000.00.

The Court confirmed with counsel that they did not have any objections to the terms of the settlement agreement and recommendations of the GAL. At the conclusion of the fairness hearing, the Court deemed the settlement was fair and reasonable.

5

### III. DISCUSSION

For the reasons described more fully in their reports, the GALs opined that the settlement is fair and reasonable and in the best interests of S.E. Boy and S.E. Girl, and recommended that the Court approve the settlement, that City Defendants pay the GAL fees, and that Plaintiffs' counsel, Max Houston Proctor, place the settlement proceeds payable to each child into an interest-bearing account until the child reaches the age of majority. The Court, having considered the GAL reports, (Doc. 89), (Doc. 90), (Doc. 170), (Doc. 175), the record of this case, the relevant law, the presentations of counsel, and the testimony of the GAL during the fairness hearing held on August 14, 2020, finds the settlement to be fair, reasonable, and in the best interests of S.E. Boy and S.E. Girl. *See Jones*, 741 F.2d at 324 (The Court "must approve a settlement if it is fair, reasonable and adequate."). Specifically, in considering the factors set out in *Jones*, the Court finds: (1) the proposed settlement was fairly and honestly negotiated; (2) serious questions of law and fact exist placing the ultimate outcome of the litigation in serious doubt; (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the settling parties agree that the settlement is fair and reasonable. *Id.*

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Settlement in the total amount of $8,000.00 for S.E. Boy and S.E. Girl, with each to receive $4,000.00, is hereby **APPROVED**;

6

2. Plaintiffs' counsel shall not deduct attorneys' fees or costs from the settlement proceeds;

3. City Defendants shall make the settlement check in the amount of $8,000.00 payable to Plaintiffs' counsel, Max Houston Proctor;

4. Plaintiffs' counsel, Max Houston Proctor, is ordered to open an FDIC insured account at Western Commerce Bank in S.E. Boy and S.E. Girl's names and deposit the settlement proceeds, with half of the money allocated to S.E. Boy and half to S.E. Girl;

5. S.E. Boy and S.E. Girl may only access and withdraw their share of the settlement proceeds at the age of eighteen;

6. Michael Newell, GAL for both S.E. Boy and S.E. Girl, is hereby **DISCHARGED**;

7. City Defendants shall pay GAL Michael Newell's fees;

8. Mr. Newell shall send City Defendants' counsel a fee affidavit no later than **September 14, 2020**; and

9. Closing documents, dismissing Plaintiffs' claims against the City of Hobbs, shall be filed with the Court no later than **September 14, 2020**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

7